BLD-016                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2650
_____

UNITED STATES OF AMERICA

v.

JOHN DOE,
                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-15-cr-00416-001)
District Judge:  Honorable R. Barclay Surrick

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 22, 2020

Before:  AMBRO, SHWARTZ, and PORTER, <u>Circuit Judges</u>

(Opinion filed: October 29, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1

Appellant appeals from the order of the District Court denying his motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i), commonly called a form of compassionate release. The Government has filed a motion for summary affirmance of that order. We will grant the motion and affirm. We also grant appellant's motion to proceed under a pseudonym and will permit him to proceed under the name "John Doe."[1] Appellant's other pending motions are denied.

## I.

In 2016, Doe pleaded guilty to sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(b)(2) and 1594(a). The District Court sentenced him to 168 months in prison, and we affirmed. See United States v. Doe, 785 F. App'x 57 (3d Cir. 2019).

Doe, after exhausting his administrative remedies, later filed the motion at issue here seeking compassionate release on the basis of "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i). Doe relied on numerous health conditions that he contended place him at risk of serious complications or death if he contracts COVID-19. The District Court agreed that Doe's conditions place him at risk but, after balancing the relevant considerations, the District Court concluded that a reduction in

---

[1] The Clerk is directed to amend the caption, remove appellant's name from the docket entries, and restrict the documents filed to date that include appellant's name. Counsel for the Government is directed to file redacted versions of the Government's filings omitting appellant's name within 14 days of the date of this opinion. Counsel is not required to file redacted versions of those documents in hard copy and is instead required to modify only the electronic versions. The Clerk will enter redacted versions of appellant's pro se filings. In light of this ruling, appellant's separate request to continue the temporary seal ordered by the Clerk is denied as unnecessary. The Clerk will lift the seal after redacted versions of the parties' filings have been entered as provided herein.

Doe's sentence is not warranted and denied his motion. Doe appeals, and the Government has filed a motion to summarily affirm the District Court's order.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's ruling on a motion for compassionate release under § 3582(c)(1)(A)(i) for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). Having carefully reviewed the record and the parties' filings, we discern no abuse of discretion and will affirm largely for the reasons explained by the District Court.

Doe devotes much of his brief on appeal to arguing that his health conditions place him at heightened risk from COVID-19, and he takes issue with the District Court's characterization of his arguments in that regard as "allegations." The District Court, however, expressly agreed with Doe that his conditions place him heightened risk from COVID-19. The District Court went on to deny Doe's motion because it concluded that: (1) Doe has not shown more than a speculative risk of contracting COVID-19 in his current facility; (2) Doe remains a danger to the community under 18 U.S.C. § 3142(g); and (3) the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh against a reduction in sentence. Those were appropriate considerations. See Pawlowski, 967 F.3d at 329-31; 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.[2]

---

[2] Section 3582(c)(1)(A) authorizes compassionate release on the basis of either (1) "extraordinary and compelling reasons," or (2) the defendant's age and service of at least 30 years of a sentence. 18 U.S.C. § 3582(c)(1)(A)(i) & (ii). Doe requested release under the first of these provisions, and the statute references a defendant's danger to the community under § 3142(g) only in connection with the second. See id. For both provisions, however, the statute also provides that a reduction must be "consistent with

Doe also challenges the District Court's conclusion that he has shown only a speculative risk of contracting COVID-19 at his current facility, FCI Cumberland. Doe argues that COVID-19 is "out of control throughout the [Bureau of Prisons]," and he relies on the number of COVID-19 cases in federal prisons generally as well as anecdotal reports of FCI Cumberland staff taking what he deems inadequate precautions in July 2020. The District Court, however, reasoned that FCI Cumberland had reported only two cases of COVID-19 at the time of its ruling[3] and that Doe's fear that he might contract COVID-19 was largely speculative. Doe has raised nothing calling those conclusions into question. Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) (explaining that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Doe devotes much of the remainder of his brief to challenging the District Court's assessment of his danger to the community under § 3142(g) and the sentencing factors set forth in § 3553(a). Under our deferential standard of review, however, "we will not disturb the District Court's decision unless there is a definite and firm conviction that it

applicable policy statements issued by the Sentencing Commission[.]" Id.; Pawlowski, 967 F.3d at 329 n.6. One such policy statement makes danger to the community under § 3142(g) relevant to both kinds of compassionate release. See U.S.S.G. § 1B1.13. Doe has not argued that the District Court erred in considering his danger to the community under § 3142(g), however, so we need not address this point further.

[3] We note that, despite Doe's unsupported argument that FCI Cumberland staff took inadequate precautions in July 2020, the Bureau of Prisons currently is reporting no active cases of COVID-19 among FCI Cumberland inmates or staff. See www.bop.gov/coronavirus (last visited Oct. 20, 2020); see also United States v. Smith, No. 17-cr-0650-PWG, 2020 WL 5893737, at *1 (D. Md. Oct. 5, 2020) (noting that "Cumberland FCI is not currently experiencing an outbreak of COVID-19").

committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (quotation marks omitted). Such is not the case here. We conclude, for example, that the District Court did not abuse its discretion in assessing the seriousness of Doe's offense of conviction[4] or his criminal history.[5] We have reviewed Doe's remaining arguments and conclude that they do not require discussion.

III.

For these reasons, we will grant the Government's motion for summary affirmance and will affirm the judgment of the District Court.

---

[4] As the District Court explained, Doe "recruited a young naïve [16-year-old] minor into prostitution and repeatedly sold her body to men for his own financial gain." (ECF No. 76 at 6.) Doe seeks to minimize the seriousness of his offense by arguing that the victim herself "went online, lied about her age so she could gain access to an adult website and she sought out and made the initial contact to the defendant." (Appellant's Br. at 5.) Doe does not deny that he knew the victim's age, however, and his arguments in this regard do not otherwise advance his cause. We note that the District Court, at one point in its analysis, cited District Court authority for the proposition that "[c]ourts have been reluctant to grant compassionate release requests to individuals convicted of crimes involving sex trafficking or minors." (ECF No. 76 at 7.) We do not appear to have endorsed any presumption to that effect, but Doe does not argue that the District Court erred in that regard and, in any event, our review confirms that the District Court did not rely on any such presumption and instead properly based its decision in relevant part on Doe's individual characteristics and the circumstances of his particular crime.

[5] Does argues, inter alia, that the District Court erred in considering his prior arrest for stalking an 18-year-old girl and his prior conviction of a Pennsylvania summary offense. We rejected these arguments in his direct appeal, see Doe, 785 F. App'x at 60-62, and we reject them in this appeal as well.